

**SO ORDERED.**

**SIGNED this 19 day of November, 2007.**

```
                              _____
                                   JAMES D. WALKER, JR.
                              UNITED STATES BANKRUPTCY JUDGE
```
_____


UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | |
|---|---|
| IN RE: ) | CHAPTER 13 |
| ) | CASE NO. 06-50020-JDW |
| JOHN A. MCINTOSH, JR., ) | |
| ) | |
| DEBTOR. ) | |

BEFORE

JAMES D. WALKER, JR.

UNITED STATES BANKRUPTCY JUDGE

COUNSEL

For Debtor:    Jason M. Orenstein
               Post Office Box 4086
               Macon, Georgia 31208-4086

For Creditor:  Karen B. Armsby
               40 Capitol Square, SW
               Atlanta, Georgia 30334

**MEMORANDUM OPINION**

This matter comes before the Court on Debtor's objection to the claim of Georgia Department of Revenue. This is a core matter within the meaning of 28 U.S.C. § 157(b)(2)(B). After considering the pleadings, the evidence, and the applicable authorities, the Court enters the following findings of fact and conclusions of law in conformance with Federal Rule of Bankruptcy Procedure 7052.

**Findings of Fact**

Debtor John McIntosh, Jr. filed a Chapter 13 petition on January 9, 2006. His Chapter 13 plan proposed a 100-percent dividend to unsecured creditors and was confirmed by the Court on March 31, 2006. Subsequently, the Georgia Department of Revenue ("Creditor") filed a proof of claim for $11,766 for tax years 1994 to 2003, including sales taxes for October 1995 to June 1997, December 2000 to December 2001, October 2002, December 2002, and June 2003. Debtor objected to the claim, and Creditor responded. Debtor later limited his objection to that portion of the claim related to unpaid sales taxes, which totals $11,305. Debtor does not object to the portion of the claim reflecting unpaid income tax for 2000 in the amount of $461, which is secured by a fi fa.

Creditor filed a notice of hearing scheduled on September 24, 2007. Debtor and his counsel appeared at the hearing, but no one appeared on behalf of Creditor. Debtor's counsel requested, and the Court granted, a continuance of the hearing. Creditor then filed a second notice of hearing scheduled for October 30, 2007. At the October hearing, Debtor and his counsel again appeared, and, again, no one appeared on behalf of Creditor. During the hearing,

the Court heard Debtor's testimony about Creditor's claim.

Debtor testified that at the time he filed his bankruptcy petition, he was aware he owed Creditor approximately $500 for past due income tax because he had received notices from Creditor about the obligation. However, he did not believe he owed any sales tax to Creditor. Debtor owned and operated an automobile body repair shop during the early 1990s. He was responsible for preparing sales tax returns and remitting sales taxes to Creditor for the business. While he operated the business he met with a representative of Creditor several times to determine how much sales tax he owed. At the time of the meetings, he made what he believed was full payment for his sales tax obligations. In April 1996, he discontinued the business and followed Creditor's instructions for providing formal notice that he had ceased operations and would, therefore, be submitting no further sales taxes.

Debtor testified he has not been self-employed since he closed his business. From April 1996 to the present he has continuously worked full time–except for a few months of unemployment in 2002–for various employers, including Bluebird, Industrial Repair Technology, Harrison's Body Shop, and B&H Body Shop. Creditor offered no evidence to refute Debtor's testimony.

For the reasons that follow, the Court will disallow Creditor's claim to the extent it seeks payment of sales tax.

### Conclusions of Law

Upon objection of a party in interest, after notice and a hearing, the Court may disallow a claim "to the extent that — (1) such claim is unenforceable against the debtor and property of the debtor, under ... applicable law for a reason other than because such claim is contingent or

unmatured." 11 U.S.C. § 502(b)(1).  A properly filed proof of claim "constitute[s] prima facie evidence of the validity and amount of the claim."  Fed. R. Bankr. P. 3001(f).  The objecting party bears the initial burden to overcome the prima facie validity of the claim by producing "evidence equal in force to the prima facie case."  In re Allegheny Int'l, Inc., 954 F.2d 167, 173 (3d Cir. 1992).  The burden then shifts to the claimant "to prove the validity of the claim by a preponderance of the evidence."  4 Collier on Bankruptcy ¶ 502.02[3][f] (15th ed. rev'd 2007).

In this case, Debtor has presented testimony that he did not operate a business after April 1996 and, thus, could not have incurred any sales tax after that date.  Debtor further presented testimony that he met with representatives of Creditor on more than one occasion to determine the amount of outstanding sales tax he owed, and that he paid those amounts in full.  The Court finds Debtor's testimony credible and sufficient to refute the prima facie validity of Creditor's claim for sales tax.  Creditor presented no evidence in response to Debtor's testimony and, thus, cannot meet its burden to prove its claim by a preponderance of the evidence.  Therefore, the Court will disallow Creditor's claim of $11,305 for sales tax.  However, Creditor's $461 claim for income tax will be allowed because Debtor did not challenge that portion of the claim.

An Order in accordance with this Opinion will be entered on this date.

END OF DOCUMENT